**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

CASE NO.

FAYE STONE,

    Plaintiff,

v.

NCO FINANCIAL SYSTEMS, INC. and
MOUNT SINAI MEDICAL CENTER
PHYSICIAN PRACTICES, LLC,

    Defendants.
_____/

## VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

## NATURE OF ACTION

1. This is an action brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55 *et seq*.

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), as the acts and transactions giving rise to Plaintiff's action occurred in this District, Plaintiff resides in this District, and Defendants transacts business in this District.

## PARTIES

4. Plaintiff Faye Stone ("Plaintiff") is a natural person who at all relevant times resided in the State of Florida, County of Palm Beach, and City of Boca Raton.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) and by Fla. Stat. § 559.55(2).

6. Defendant NCO Financial Systems, Inc. ("NCO") is a corporation that at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5) and by Fla. Stat. § 559.55(1).

7. Defendant Mount Sinai Medical Center Physician Practices, LLC ("Mt. Sinai") is an entity that at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by Fla. Stat. § 559.55(1).

8. NCO and Mt. Sinai (collectively, "Defendants") are "debt collectors" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

9. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than NCO.

10. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due, a creditor other than NCO, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes – namely, personal medical services (the "Debt").

11. NCO uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

12. Prior to June 2012, in connection with the collection of the Debt, Mt. Sinai began placing calls to Plaintiff's residence.

13.     Plaintiff sent Mt. Sinai written communication dated June 9, 2012 that provided Mt. Sinai notice of Plaintiff's representation by counsel, and further stated, in relevant part: "Please refrain from calling me in the future regarding this matter."  (*See* June 9, 2012 Correspondence, attached as Exhibit A).

14.     Upon information and good-faith belief, Mt. Sinai received Plaintiff's notice of representation letter on or about June 15, 2012.

15.     Upon receipt, Mt. Sinai possessed actual knowledge that Plaintiff was represented by counsel and had demanded that she receive no further telephone calls with regard to the Debt.

16.     Thereafter, prior to December 2012, upon information and good-faith belief, Mt. Sinai placed the Debt with NCO for the purpose of engaging in collection activities directed toward Plaintiff.

17.     Upon information and good-faith belief, at the time it placed the Debt with NCO, and not later than December 5, 2012, Mt. Sinai informed NCO, its agent-in-fact, that Plaintiff was represented by counsel and had demanded that she receive no further telephone calls with regard to the Debt.

18.     Despite its knowledge that Plaintiff was represented by counsel, NCO, itself and on behalf of Mt. Sinai, placed a call to Plaintiff's residence on December 5, 2012, and at such time, left a pre-recorded voicemail message.

19.     In the alternative, upon information and good-faith belief, upon placement of the Debt with NCO, Mt. Sinai intentionally failed to notify NCO, its agent-in-fact, that Plaintiff was represented by counsel.

20.     Upon information and good faith-belief, Mt. Sinai intentionally failed to notify NCO that Plaintiff was represented by counsel for the express purpose of circumventing

Plaintiff's counsel in order to engage in collections activity with regard to the Debt directly with Plaintiff.

21. Plaintiff's counsel did not consent to any direct communication with Plaintiff.

22. At no time did Plaintiff's counsel fail to respond within a reasonable period of time to a communication from NCO or Mt. Sinai.

23. Plaintiff did not initiate any communication with NCO or Mt. Sinai.

24. Plaintiff returned NCO's call on December 5, 2012, and at such time, spoke with NCO's agent and/or employee "Sherene Norton" ("Ms. Norton").

25. During the conversation that ensued, Ms. Norton represented to Plaintiff that NCO was collecting the Debt on behalf of Mt. Sinai.

26. During the December 5, 2012 conversation, Plaintiff stated to Ms. Norton that Plaintiff sent Mt. Sinai a letter informing Mt. Sinai of Plaintiff's representation, and further, that Plaintiff had demanded that NCO cease and desist from placing any and all calls to Plaintiff regarding the Debt.

27. During the December 5, 2012 conversation, Ms. Norton proceeded to yell at Plaintiff.

28. During the December 5, 2012 conversation, Plaintiff stated that if Ms. Norton did not stop yelling at Plaintiff, then Plaintiff would terminate the call.

29. In response, Ms. Norton stated to Plaintiff: "go ahead and hang up, see if I care."

30. During the December 5, 2012 conversation as described herein, NCO engaged in conduct with the intent to harass, oppress, or abuse Plaintiff, including, but not limited to: yelling at Plaintiff during the telephone conversation.

31. Despite its knowledge that Plaintiff was represented by counsel, NCO, itself and on behalf of Mt. Sinai, placed another call to Plaintiff's residence on February 1, 2013, and at such time, left a pre-recorded voicemail message stating, "this is an attempt to collect a debt and any information will be used for that purpose.  Call Kurt Huer at 1-877-542-1450.  Please use ID Code 4T3AZM."

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692c(a)(2)
## NCO

32. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 31.

33. NCO violated 15 U.S.C. § 1692c(a)(2) by communicating with Plaintiff directly after learning that Plaintiff was represented by counsel, when an attempt to contact Plaintiff's counsel had not been made, or Plaintiff's counsel was not given sufficient time to respond to an initial attempt to communicate, and where no permission had been given to contact Plaintiff directly.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that NCO violated 15 U.S.C. § 1692c(a)(2);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT II
### VIOLATION OF 15 U.S.C. § 1692d
### NCO

34. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 31, above.

35. NCO violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff, in connection with the collection of the Debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that NCO violated 15 U.S.C. § 1692d;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT III
### VIOLATION OF FLA. STAT. § 559.72(18)
### NCO

36. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 31, above.

37. NCO violated Fla. Stat. § 559.72(18) by communicating with Plaintiff when the person knows that Plaintiff is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless Plaintiff's attorney fails to respond within 30 days to a communication from the person, unless Plaintiff's attorney consents to a direct communication with Plaintiff, or unless Plaintiff initiates the communication.

38. As a result of NCO's violations as aforesaid, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, Faye Stone, by and through her attorneys, respectfully prays for judgment as follows:

a) All actual compensatory damages suffered;

b) Emotional and/or mental anguish damages;

c) Statutory damages of $1,000.00;

d) Plaintiffs' attorneys' fees and costs; and

e) Any other relief deemed appropriate by this Honorable Court.

## COUNT IV
## VIOLATION OF FLA. STAT. § 559.72(18)
## MT. SINAI

39. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 31, above.

40. In the alternative, Mt. Sinai violated Fla. Stat. § 559.72(18) by communicating with Plaintiff when the person knows that Plaintiff is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless Plaintiff's attorney fails to respond within 30 days to a communication from the person,

unless Plaintiff's attorney consents to a direct communication with Plaintiff, or unless Plaintiff initiates the communication.

41. As a result of Mt. Sinai's violations as aforesaid, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, Faye Stone, by and through her attorneys, respectfully prays for judgment as follows:

   a) All actual compensatory damages suffered;
   b) Emotional and/or mental anguish damages;
   c) Statutory damages of $1,000.00;
   d) Plaintiffs' attorneys' fees and costs; and
   e) Any other relief deemed appropriate by this Honorable Court.

### TRIAL BY JURY

42. Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 14th day of February, 2013.

Respectfully submitted,
**FAYE STONE**

By: s/ Alex D. Weisberg
ALEX D. WEISBERG
FBN: 0566551
WEISBERG & MEYERS, LLC
ATTORNEYS FOR PLAINTIFF
5722 S. Flamingo Rd, Ste. 656
Cooper City, FL 33330
(954) 212-2184
(866) 577-0963 fax
aweisberg@attorneysforconsumers.com